T.C. Summary Opinion 2009-128

UNITED STATES TAX COURT

FRANKIE D. NEWKIRK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28518-07S.                    Filed August 13, 2009.

Frankie D. Newkirk, pro se.

Randall L. Eager, for respondent.

MARVEL, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $6,081 for 2006. After concessions, the issues for decision are: (1) Whether petitioner was entitled to the dependency exemption deduction for a minor child, F.P.,[2] for 2006; (2) whether petitioner was entitled to head of household filing status for 2006; (3) whether petitioner was entitled to the earned income credit for 2006; and (4) whether petitioner was entitled to the child tax credit for F.P. for 2006.

## Background

Some of the facts have been stipulated. The stipulation of facts is incorporated herein by this reference. When she petitioned the Court, petitioner resided in North Carolina.

F.P. is a minor child who was 8 years old in 2006 and who is the daughter of Ursella P. Chancey (Ms. Chancey). Petitioner is F.P.'s godmother but is not legally or biologically related to F.P. During 2006 petitioner lived in a mobile home in North Carolina. F.P. spent the entire summer, most weekend nights throughout the year, and occasional weeknights during the school year at petitioner's home. When she was not staying at petitioner's home, F.P. stayed with Ms. Chancey, who lived

---

[2]The Court refers to minor children by their initials. Rule 27(a)(3).

several miles away. Ms. Chancey has three other children, and she allowed F.P. to stay with petitioner because F.P. would receive more care and attention at petitioner's home than at Ms. Chancey's home.

Whenever F.P. visited petitioner's home, including some evenings when F.P. visited her after school but did not stay the night, petitioner would cook dinner for her. Petitioner also occasionally packed lunches for F.P. to take to school. In addition to providing some food and housing, petitioner purchased clothing and gifts for F.P. throughout the year, including a Playstation 2 video game console, games, clothing, and accessories.

Petitioner did not legally adopt F.P., nor was petitioner F.P.'s legal foster parent. Ms. Chancey did not reimburse petitioner for expenses petitioner incurred in taking care of F.P. Petitioner's mortgage payment was $316 per month, and her electric bill ranged from $95 to $150 per month during 2006. Petitioner spent approximately $160 per month on food.

At some point during 2006 or early 2007, petitioner had a conversation with Ms. Chancey about claiming F.P. as a dependent. Ms. Chancey agreed to let petitioner claim F.P. as a dependent on petitioner's 2006 Form 1040, U.S. Individual Income Tax Return. Petitioner did not compensate Ms. Chancey for allowing her to claim F.P. as a dependent.

Petitioner claimed another minor child, D.Q., as a dependent on her 2006 Form 1040, despite the fact that petitioner is unrelated to D.Q. and provided no support to D.Q. in 2006. Petitioner conceded before trial that she was not entitled to claim D.Q. as a dependent.[3]

### Discussion

1. Dependency Exemption

Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent of the taxpayer for the taxable year. Section 152(a) defines a dependent as a qualifying child or a qualifying relative.

Section 152(c)(2) defines a qualifying child as "(A) a child of the taxpayer or a descendant of such a child, or (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative." As F.P. fits neither of these definitions, F.P. is not a qualifying child with respect to petitioner.

There are two tests to determine whether an individual is a qualifying relative. Section 152(d)(2)(H) defines a qualifying relative as any individual who has the same principal place of

---

[3]At trial petitioner initially testified she could not recall how she obtained D.Q.'s Social Security number, which she required in order to claim D.Q. as a dependent. When pressed by respondent's counsel and the Court, however, petitioner admitted that she paid D.Q.'s biological mother to allow her to claim D.Q. as a dependent.

abode as the taxpayer and is a member of the taxpayer's household (household test).  To satisfy the household test, the individual must live with the taxpayer for the entire taxable year.  Sec. 1.152-1(b), Income Tax Regs.[4]  However, temporary absences due to "illness, education, business, vacation, military service, or a custody agreement under which the dependent is absent for less than six months" will not cause an individual to fail to qualify as a member of the taxpayer's household.  Id.

A qualifying relative must also have received more than half of his or her support from the taxpayer (support test).  Sec. 152(d)(1)(C).  "The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  If the support is in the form of lodging, the item is measured according to its fair market value.  Id.  Fair market value is measured according to the value of the dependent's quarters, as opposed to the full mortgage payment made by the taxpayer.  See Barnes v. Commissioner, T.C. Memo. 1985-397.

Petitioner has the burden under Rule 142(a)(1) of presenting credible evidence that F.P. was a dependent within the meaning of section 152(a) and that she was entitled to a dependency

---

[4]Sec. 1.152-1, Income Tax Regs., has not been amended to reflect changes in sec. 152 that were enacted by the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169.  Nevertheless, the regulation remains valid to the extent it is not inconsistent with sec. 152 as amended.

exemption deduction for F.P. See <u>Stephenson v. Commissioner</u>, 79 T.C. 995, 1004 (1982), affd. 748 F.2d 331 (6th Cir. 1984). In evaluating petitioner's evidence we are not bound to accept self-serving, unverified, and undocumented testimony. <u>Shea v. Commissioner</u>, 112 T.C. 183, 189 (1999); see also <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

Petitioner has not satisfied the household test, because F.P. did not live with her for the entire year. Although F.P. spent most weekend nights and the entire summer with petitioner, F.P. lived with petitioner for slightly less than 60 percent of the year. In addition, petitioner did not introduce any evidence that F.P.'s absence from her home during the remainder of the year was due to illness, education, vacation, or any other acceptable special circumstances.

Neither has petitioner satisfied the support test, because she did not introduce any credible evidence that she provided more than half of F.P.'s total support from all sources during 2006. Petitioner did not introduce any evidence regarding the fair rental value of F.P.'s quarters in petitioner's home or the total support F.P. received from all sources in 2006 for food, clothing, education, transportation, medical care, and other necessities. Aside from petitioner's self-serving testimony, the only evidence petitioner introduced to substantiate her expenses

consisted of 10 receipts totaling less than $500 for a video game console, video games, clothing, and accessories.

Because petitioner has failed to prove that she satisfies the household and support tests, we hold that she was not entitled to a dependency exemption deduction for 2006 with respect to F.P. as a qualifying relative.

2.   Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual taxpayer who files a Federal income tax return as a head of household.  Section 2(b) defines a head of household as an individual taxpayer who:  (1) Is unmarried as of the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a dependent for whom the taxpayer is entitled to a deduction under section 151.  Sec. 2(b)(1)(A)(ii); see also, e.g., Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).  Because F.P. was not a dependent for whom petitioner was entitled to a deduction under section 151, petitioner was not entitled to head of household filing status for 2006.

3.   Earned Income Credit

An eligible individual is entitled to a credit against his or her Federal income tax liability, calculated as a percentage of such individual's earned income, subject to certain

limitations. Sec. 32(a)(1); <u>Rowe v. Commissioner</u>, <u>supra</u> at 15. Different percentages and amounts are used to calculate the earned income credit (EIC), depending on whether the individual has no qualifying children, one qualifying child, or two or more qualifying children. Sec. 32(b); <u>Rowe v. Commissioner</u>, <u>supra</u> at 15. An eligible individual means, in pertinent part, "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i). A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A).

As discussed previously, F.P. was not a qualifying child of petitioner within the meaning of section 152(c). Accordingly, petitioner was not entitled to claim the EIC for 2006.

4. <u>Child Tax Credit</u>

Section 24(a) allows a taxpayer a credit of up to $1,000 against his or her Federal income tax liability for each qualifying child.[5] The term "qualifying child" means a qualifying child of the taxpayer, as defined in section 152(c), who has not attained the age of 17. Sec. 24(c)(1). Because F.P. was not petitioner's qualifying child, petitioner was not entitled to claim the child tax credit with respect to F.P.

---

[5]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which a taxpayer's modified adjusted gross income exceeds $110,000 in the case of a joint return, $75,000 in the case of an unmarried individual, and $55,000 in the case of a married individual filing a separate return. Sec. 24(b).

5.   <u>Conclusion</u>

For the foregoing reasons, we hold that (1) petitioner was not entitled to a dependency exemption deduction for F.P. in 2006; (2) petitioner was not entitled to head of household filing status in 2006; (3) petitioner was not entitled to the EIC in 2006; and (4) petitioner was not entitled to the child tax credit in 2006.

We have considered all remaining arguments made by the parties, and to the extent not discussed above, we conclude such arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.